[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in contract where the plaintiff alleges that it had an oral contract with the defendant for the design and production of brochures to assist the plaintiff in the sale of its various and sundry concrete products and services. All of the dealings between the parties herein were oral and their alleged agreements were never reduced to writing.
The plaintiff had several meetings with the defendant and described the services that he could provide. As a result of these preliminary meetings it was agreed that the plaintiff would put together a brochure with some photographs and the discussions that the parties had involving price were a "ballpark figure of $5,000.00". There is a substantial difference of opinion between the testimony of the plaintiff and the testimony of the defendants with respect to the contract price. These substantial differences leads this court to conclude along with other evidence that the parties never did have a meeting of the minds with respect to a contract price other than a ballpark figure of $5,000.00.
In addition to this the plaintiff designed and the defendant accepted and is continuing to utilize a logo for its business. The court finds that a reasonable value for this service is $550.00.
The main dispute between the parties in connection with the contract price, if any, was the additional cost of printing these brochures which the plaintiff maintains was a separate item. The court concludes that this aspect of the contract price was never adequately conveyed to the defendants and therefore they continue in the assumption that the figure of $5,000.00 was the entire CT Page 5998 contract price. From the evidence, or lack of it, the court concludes that this was a valid assumption for them to continue to engage in.
In addition, there are glaring misspellings in the brochure that was ultimately provided. The word "dimensions" is misspelled and the word "wrought" for the description for wrought iron products was misspelled. The plaintiff claims that these are the responsibility of the defendant when they approved the final proofs. This final proof responsibility, the court finds, was never adequately conveyed to the defendants as being their responsibility. The defendants were novices in this field of activity, never having previously had dealings with a graphic artist and/or printers. The court finds that the plaintiff, in connection with these matters, was in a superior position of knowledge to that of the defendant's representatives.
This case represents a class example of someone with peculiar knowledge in a specialized field dealing with someone with no knowledge in that field and not adequately spelling out what the ground rules are and what all the terms and conditions of the overall contract are.
Accordingly, the court finds that the reasonable value of the services contracted for and provided for within the fair contemplation of the parties is $5,000.00. In addition the court allows $500.00 compensation to the plaintiff in construction with the logo which has been subsequently utilized by the defendant corporation. Accordingly judgment may enter for the plaintiff to recover of the defendant the sum of $5,000.00, plus sales tax in the amount of $400.00, plus $550.00 for the logo services. Judgment is therefore entered in favor of the plaintiff in the sum of $5,950.00. Since the matters were in dispute and since there is no contractual basis for attorney fees, interest and attorney fees are not allowed herein. Costs are allowed as shall be taxed by the Clerk.
It is so ordered.
HIGGINS, J.
Judgment may enter in accordance with the foregoing Memorandum of Decision Felicia Santostefano, Assistant Clerk